FILED
12/16/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
NOV 10 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

16C10560
Judge Robert M. Dow, Jr
Magistrate Judge Michael T. Mason
PC 9

The United States District Court
Northern District of Illinois
Eastern Division

Norberto Rodriguez
v.
Tom Dart, et al

I. Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Northern District of Illinois is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this complaint occurred.

1.

## II Plaintiff

3. Plaintiff, Norberto Rodriguez, is and was at all times mentioned herein a prisoner of the City of Chicago in the custody of the Cook County Department of Corrections. He is currently confined in the Cook County Jail in Chicago, IL.

## III Defendants

4. Defendant, Tom Dart, is the director of the Cook County Department of Corrections. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including the Cook County Jail.

### County Jail Act

730 ILCS 125/3 [superintendent, personnel] Sec. 3. The Sheriff may appoint a superintendent of the jail and remove him at his pleasure, for whose conduct and training he shall be responsible. The Sheriff shall also be responsible for the hiring and training of all personnel necessary to operate and maintain the jail.
P.A. 83-1073

Sheriff Tom Dart, Director of the C.C.D.O.C. is responsible for the hiring and training of all personnel necessary to operate and maintain the jail facilities.

2.

5. Defendant, at this time named Correctional Officer John Doe I, is one of the two officers working together on 6-28-16 to transport pre-trial detainees to the Markham Courthouse from CCJ.

6. Defendant, at this time named Correctional Officer John Doe II, was partner of officer John Doe I and also the driver of the bus transporting pre-trial detainees to the Markham Courthouse on 6-28-16.

7. Each defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint each defendant acted under color of state law.

### III Facts

8. On 6-28-16 Plaintiff Norberto Rodriguez was scheduled for court at the Markham Courthouse. He was to be transported via Cook County Department of Corrections bus. Standard procedure has detainees handcuffed by the wrists in couples during transport to and from court. Detainees are handcuffed prior to being placed on the bus for seating.

3.

9. A plaintiff was being handcuffed to the detainee beside him, a very heated verbal exchange began with the detainee and another inmate. Noticing that the tension was escalating, plaintiff requested from Correctional Officer John Doe I that he not be handcuffed to the hostile detainee involved in the heated exchange.

10. It was obvious that tempers were flaring, and the argument continued to escalate, with a unmistakable potential to explode into violence.

11. Correctional Officer John Doe I ignored plaintiff's request and handcuffed him next to hostile detainee.

12. Again, plaintiff requested that he be handcuffed to a lesser hostile detainee, this time directing the request to Correctional Officer John Doe II, the driver of the bus. Again, his request was ignored.

13. Shortly into the transport, the rising hostilities between the two detainees found expression. As plaintiff was still handcuffed to the arguing detainee, he was violently tugged into the midst of a fight between him and his adversary. Being handcuffed to the detainee, plaintiff was caught in the middle of their violent swinging,

4

kicking and punching. Unable to break free of the violent melee, plaintiff sustained serious and painful injuries to his head, arms, hand and wrist, primarily on the side of which he was handcuffed.

14. Making matters even worse, other inmates on the bus rose from their seats and began to fight throughout the bus, and escalated the violent altercation to an even greater level of danger.

15. The bus never made it to the Markham Courthouse, but was instead diverted to the police station and courthouse located on 51st and Wentworth Ave. From there plaintiff had to be transported back to Cook County Jail, where he was rushed to Cermak Health Services for medical treatment. Among the injuries plaintiff sustained were a painfully sprained wrist and arm, severe swelling of his hand and open lacerations on his wrist and upper arm from the handcuffs digging into his skin as his arm was being violently yanked during the altercation. Had plaintiff been removed from what was clearly a situation of impending violence, as he so pleaded with both Correctional Officers, his substantial injuries could have been avoided.

5.

16. This is not an isolated incident. On more than several occasions, plaintiff has directly witnessed the deliberate indifference in concern of the welfare and safety of detainees that resulted in incidents of physical harm, of which could have been avoided if CCDOC security staff properly intervened. Basic physical safety at times is so deficient that detainees suffer needless pain and suffering from violence resulting from escalative situations that are obvious and apparent to CCJ security staff. Plaintiff has witnessed numerous instances where CCJ's failure to adequately assess and alleviate potentially violent situations contributed to preventable risks to safety, bodily harm and hospitalizations from substantial violence induced injuries, as is what occurred in this complaint.

## IV Exhaustion of Legal Remedies

17. Plaintiff, Norberto Rodriguez used the inmate grievance procedure available at Cook County Jail to try and solve the problem. On 7-1-16, plaintiff presented the facts relating to this complaint.
On 21. July. 2016, plaintiff Rodriguez was sent a response saying the grievance had been denied.
On 26. July. 2016, he appealed the decision of the grievance.

6.

## V Legal Claims

18. Plaintiff realleges and incorporates by reference paragraphs 1-17.

19. The deliberate indifference to the safety and well being of plaintiff in unquestionably unsafe conditions violated plaintiff Rodriguez's rights and constituted cruel and unusual punishment, a due process violation under the Eighth and Fourteenth Amendments to the U.S. Constitution.

20. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreperably injured by the conduct of the defendants unless the court grants the declaratory and injunctive relief which plaintiff seeks.

## VI Prayer for Relief

Wherefore, plaintiff respectfully prays that this court enter judgement granting plaintiff:

21. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

7.

22. A preliminary and permanent injunction ordering defendants Tom Dart and Cook County Corrections Officers be more responsive to incidents potentially escalative of violence, and alleviating the possibility of detainee on detainee violence by separating inmates involved in potentially violence before the situation gets out of hand.

23. Compensatory damages in the amount of $125,000 against each defendant, jointly and severally.

24. Punitive damages in the amount of $125,000 against each defendant.

26. A trial by jury on all issues triable by jury.

27. Plaintiff's costs in the suit.

28. Any additional relief the court deems just, proper and equitable

Dated 8-1-16
Sign: Noel [signature]   20101124001
        C.C.D.O.C. Div. 10 4B
        P.O. Box 089002
        Chicago, IL 60608

8.

## Verification

I have read the following complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Chicago, Illinois on 8-1-16

Sign: Norbert Poe   2010112400I
C.C.D.O.C. Div. 10 4B
P.O. Box 089002
Chicago, IL 60608

In the United States District Court
for the Northern District of Illinois
 Eastern Division

Norberto Rodriguez
 v.                                    Case no. (unassigned)
Tom Dart, et.al

I, Norberto Rodriguez, hereby declare:

That pursuant to 50 ILCS 725/3.8(b), I am formally filing this complaint against the Cook County Department of Corrections Officers known only at this time as Correctional Officers John Doe I and John Doe II. These officers were assigned to transport duties from the Cook County Jail to the Markham Courthouse on 6-28-16, during which I was seriously injured during a violent altercation that occurred on the bus.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Chicago, Illinois on 7-27-16

Signed: [signature]



# COOK COUNTY SHERIFF'S OFFICE
(Oficina del Alguacil del Condado de Cook)

## INMATE GRIEVANCE FORM
(Formulario de Queja del Preso)

☐ GRIEVANCE  ☐ NON-GRIEVANCE (REQUEST)

CONTROL #: 
INMATE ID #:

**! THIS SECTION IS TO BE COMPLETED BY INMATE SERVICES STAFF ONLY !** (! Para ser llenado solo por el personal de Inmate Services !)

**GRIEVANCE FORM PROCESSED AS:**
☐ EMERGENCY GRIEVANCE
☐ GRIEVANCE
☐ NON-GRIEVANCE (REQUEST)

1 of 2

**REFERRED TO:**
☐ CERMAK HEALTH SERVICES
☐ SUPERINTENDENT: ___
☐ OTHER: ___

### INMATE INFORMATION (Información del Preso)

PRINT - INMATE LAST NAME (Apellido del Preso): **Rodriguez**
PRINT - FIRST NAME (Primer Nombre): **Norberto**
INMATE BOOKING NUMBER: **#20101124001**
DIVISION (División): **10**
LIVING UNIT (Unidad): **4B**
DATE (Fecha): **6-30-16**

### INMATE'S BRIEF SUMMARY OF THE COMPLAINT (Breve Resumen de los Hechos del Preso):

- An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
- Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request/Response/Appeal Form.
- When a grievance issue is administratively determined to be processed as a non-grievance request, it will not be assigned a control #, nor can it be appealed or remedies exhausted, however, an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request, or the response is deemed unsatisfactory.
- Only one (1) issue can be grieved per form.

- Un preso que desea llenar una queja, se le requiere que lo haga dentro de los 15 días después del incidente.
- Las decisiones del Comité Disciplinario de los presos, no podrán ser cuestionadas o Apeladas a través del uso del Formulario de Quejas/Respuesta/Forma de Apelación.
- Cuando una Queja se procesa como una QUEJAS NO (PETICION), un preso podría re-someter una Queja después de los 15 días para recibir un "Numero de Control", ya sea porque no hay una respuesta o porque la respuesta es insatisfactoria.
- Sólo una queja por formulario.

DATE OF INCIDENT (Fecha Del Incidente): **6-28-16**
TIME OF INCIDENT (Hora Del Incidente): **Approx. 8:00 AM.**
SPECIFIC LOCATION OF INCIDENT: **on D.O.C. Bus en route to Markham Courthouse**

On 6-28-16 I was among the detainees being transported from Cook County Jail to Markham Courthouse when a violent altercation occurred on the bus. Before the detainees had been handcuffed and placed on the bus, there were noticeable signs of tension and unrest between two detainees. As the officer began to handcuff me with one of the men who were arguing, I asked him could he please

**ACTION THAT YOU ARE REQUESTING, THIS SECTION MUST BE COMPLETED** (Acción que esta solicitado, Esta sección debe completarse)

not do so, as I felt the tension between the two men growing. The officer ignored my request and handcuffed me to the man anyway. On the bus the two men continued to argue loudly

IF YOU HAVE ELECTED TO SUBMIT YOUR GRIEVANCE FORM MORE THAN 2 DAYS SINCE WRITING AND/OR DATING IT ORIGINALLY, YOU WILL BE ASKED TO REVISE THE DATE AND INITIAL TO ACCURATELY REFLECT THE DAY YOU CHOSE TO SUBMIT THE FORM.

NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

INMATE SIGNATURE AND DATE: *Norberto Rod[riguez]*

SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATE GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

CRW/PLATOON COUNSELOR (Print): **R. Jones/McCoy**
SIGNATURE: **R. Jones/McCoy**
DATE CRW/PLATOON COUNSELOR RECEIVED: **7-5-16**

SUPERINTENDENT/DIRECTOR/DESIGNEE (Print):
SIGNATURE:
DATE REVIEWED:

(FCN-40)(APR15)  (WHITE COPY – INMATE SERVICES)  (YELLOW COPY – CRW/PLATOON COUNSELOR)  (PINK COPY – INMATE)

# COOK COUNTY SHERIFF'S OFFICE
(Oficina del Alguacil del Condado de Cook)

## INMATE GRIEVANCE FORM
(Formulario de Queja del Preso)

☐ GRIEVANCE  ☐ NON-GRIEVANCE (REQUEST)

CONTROL # _____

**! This section is to be completed by Program Services staff - ONLY !** (! Para ser llenado solo por el personal de Program Services !)

**GRIEVANCE FORM PROCESSED AS:**
- ☐ EMERGENCY GRIEVANCE
- ☐ GRIEVANCE          2 of 2
- ☐ NON-GRIEVANCE (REQUEST)

_Program Services Supervisor Approving Non-Grievance (Request) Signature_

**REFERRED TO:**
- ☐ CERMAK HEALTH SERVICES
- ☐ SUPERINTENDENT: _____
- ☐ OTHER: _____

### INMATE INFORMATION (Información del Preso)

PRINT - INMATE LAST NAME: Rodriguez
PRINT - FIRST NAME: Norberto
ID Number: #20107124001
DIVISION: 10
LIVING UNIT: 4B
DATE: 6/30/16

### INMATE'S BRIEF SUMMARY OF THE COMPLAINT

* An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
* Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request/Response/Appeal Form.
* When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the response is deemed unsatisfactory.

PLEASE INCLUDE: Date of Incident – Time of Incident – Specific Location of Incident

...and the tension escalated. A fight broke out between the two men who had been arguing, one of which I was still handcuffed to. The fight escalated and other men got involved, a total of five. During the altercation my arm and wrist, as well as my hand were seriously injured, and I was taken to the hospital for medical treatment. This threat to my safety and well being could have been easily avoided if the officer had removed me from the obviously escalating situation, as I pleaded for him to do. This failure on his and his partners' behalf was an act of deliberate indifference not only to my safety but the other men as well.

**ACTION THAT YOU ARE REQUESTING:** That C.C.D.O.C. procedures be revised to remove unsuitable detainees from those causing trouble when being handcuffed and transported.

NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

INMATE SIGNATURE: [signature]

CRW/PLATOON COUNSELOR (Print): N. Jones/McCoy
SIGNATURE: N. Jones/McCoy
DATE CRW/PLATOON COUNSELOR RECIEVED: 7/5/16

SUPERINTENDENT/DIRECTOR/DESIGNEE (Print): _____
SIGNATURE: _____
DATE REVIEWED: _____

(FCN-47)(NOV 11)  (WHITE COPY – PROGRAM SERVICES)  (YELLOW COPY – CRW/PLATOON COUNSELOR)  (PINK COPY – INMATE)



# COOK COUNTY SHERIFF'S OFFICE
*(Oficina del Alguacil del Condado de Cook)*

## INMATE GRIEVANCE RESPONSE / APPEAL FORM
*(Petición de Queja del Preso / Respuesta / Forma de Apelación)*

330

☒ GRIEVANCE  ☐ NON-GRIEVANCE (REQUEST)

CONTROL #: 2016X5645

### INMATE INFORMATION *(Información del Preso)*

INMATE LAST NAME *(Apellido del Preso)*: Kamyar

INMATE FIRST NAME *(Primer Nombre)*: Norberto

ID Number *(# de identificación)*: 20101124001

### GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE
(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)

CRW / PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT:
DOC Security measures

IMMEDIATE CRW / PLATOON COUNSELOR RESPONSE (if applicable):
Inmate was given a HSRF to address medical concerns.

CRW / PLATOON COUNSELOR REFERRED THIS GRIEVANCE / /REQUEST TO: Tx-Supt

DATE REFERRED: 7/7/16

RESPONSE BY PERSONNEL HANDLING REFERRAL:
Due to nature of environment incidents such as this do occur. The Transportation staff responded appropriately during this incident. Staff will be more observant of these special circumstances.

PERSONNEL RESPONDING TO GRIEVANCE (Print): LT Martin 637
SIGNATURE: M 637
DIV./DEPT.: TRAN
DATE: 7/15/16

**Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.**

SUPERINTENDENT / DIRECTOR / DESIGNEE (Print):
SIGNATURE:
DIV./DEPT.:
DATE: / /

NON-GRIEVANCE (REQUEST) SUBJECT CODE (Check applicable box):
☐ GRIEVANCE SUBJECT CODE: _____
☐ NON-GRIEVANCE SUBJECT CODE: _____

INMATE SIGNATURE *(Firma del Preso)*: [signature]

DATE RESPONSE WAS RECEIVED: 7/21/16

### INMATE'S REQUEST FOR AN APPEAL *(Solicitud de Apelación del Preso)*

\* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.

\* Las apelaciones tendrán que ser sometidas dentro de los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: 7/21/16

INMATE'S BASIS FOR AN APPEAL:
Request that I'm asking for an investigation for my complaint. Thank you.

ADMINISTRATOR / DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?
Yes ☐  No ☒

ADMINISTRATOR / DESIGNEE'S DECISION OR RECOMMENDATION:
Original Response to stand - Inmate may file an OPR or CIID report if so desired - see CRW for assistance if needed.

ADMINISTRATOR / DESIGNEE: J Mueller
SIGNATURE: [signature]
DATE: 7/25/16

INMATE SIGNATURE: [signature]

DATE INMATE RECEIVED APPEAL RESPONSE: 7/26/16