**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NORBERTO RODRIGUEZ,<br><br>                  Plaintiff,<br>v.<br><br>OFFICER VARGAS #14862, an Individual, OFFICER VELASQUEZ #15025, an Individual, COOK COUNTY SHERIFF'S OFFICE, and COUNTY OF COOK,<br><br>                  Defendants. | 2016-cv-10560<br>Judge Robert M. Dow, Jr. |

**FIRST AMENDED COMPLAINT AT LAW**

Plaintiff, NORBERTO RODRIGUEZ, by and through his attorney, KAREN MUNOZ, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, files this Amended Complaint, alleging as follows:

**INTRODUCTION**

This is an action for a constitutional violation, which resulted in personal injuries suffered by Plaintiff Norberto Rodriguez while he was in the custody of the Cook County Sheriff. Plaintiff brings this action for damages under 42 U.S.C. §1983.

**JURISDICTION AND VENUE**

1. This civil action is brought pursuant to the laws of the United States Constitution, specifically 42 U.S.C. §1983, 1988, and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §1331 and 28 U.S.C. §1343(3).

2. The Northern District of Illinois is an appropriate venue under 28 U.S.C. §1391(b)(2) because it is where the events giving rise to this Complaint occurred.

1

**PLAINTIFF**

3. Plaintiff NORBERTO RODRIGUEZ is and was at all times a resident of the State of Illinois. On or about June 28, 2016, Plaintiff was a pre-trial detainee in the custody of the Cook County Sheriff's Office in Chicago, Illinois.

**DEFENDANTS**

4. At all times relevant, Defendant OFFICER VARGA #14862 was acting under his authority as a correctional officer of the Cook County Sheriff's Office. Plaintiff sues Officer Vargas in his individual capacity.

5. At all times relevant, Defendant OFFICER VELASQUEZ #15025 was acting under his authority as a correctional of the Cook County Sheriff's Office. Plaintiff sues Officer Velasquez in his individual capacity.

6. Defendant COOK COUNTY SHERIFF'S OFFICE is the employer of Defendants Varga and Velasquez and is joined in its official capacity.

7. Defendant COUNTY OF COOK is a local governmental entity in the State of Illinois and is responsible for the funding and oversight of the Cook County Sheriff's Office. Cook County is a properly named defendant for indemnification purposes.

**STATEMENT OF FACTS**

8. On June 28, 2016, at approximately 8:15 am, Plaintiff Rodriguez was scheduled for a status hearing at the Cook County 6th Municipal District Courthouse in Markham, Illinois.

9. Plaintiff Rodriguez was being transported from the Cook County Jail by officers from the Cook County Sheriff's Office on a Cook County Department of Corrections bus to the Cook County 6th Municipal District Courthouse.

10. Upon information and belief, in Cook County there is a policy to handcuff detainees right wrist to right wrist in couples during transport to and from court. Detainees are handcuffed prior to being placed on the bus for seating.

11. On June 28, 2016, pretrial detainees were being transported on a bus for court hearings scheduled for that day.

12. Plaintiff was to be handcuffed to an agitated and hostile detainee, Nikita Young.

13. Nikita Young told Plaintiff to request another detainee to be handcuffed to during transport as there was going to be a fight between Young and other detainees.

14. Plaintiff immediately alerted Defendant Varga about the fights Detainee Young had notified him of prior to getting on the bus and requested that he be handcuffed to another detainee.

15. Defendant Vargas refused his request and allowed him to remain handcuffed to Young, a hostile detainee.

16. Plaintiff again requested that he be handcuffed to another detainee because he was afraid for his safety, this time directing the request to Defendant Velasquez, the driver of the bus. His request was refused.

17. Very shortly into the transport, rising hostilities between Young and other detainees turned to violence.

18. As Plaintiff was still handcuffed to Young, he was violently tugged into the midst of a fight between Young and other detainees. Being handcuffed to the detainee, Plaintiff was caught in the middle of violent swinging, kicking, and punching. Unable to break free of the violent melee, Plaintiff sustained serious and painful injuries to his head, arms, hand, and wrist, primarily on the side of which he was handcuffed.

19. During these riots, other inmates on the bus rose from their seats and began to fight throughout the bus and escalated the violent altercation to an even greater level of danger.

20. Defendants Varga and Velasquez refused to intervene as the fights broke out throughout the bus.

21. The bus never arrived at the Markham Courthouse, but was instead directed to be diverted to the police station and courthouse located on 51st and Wentworth Ave. Plaintiff remained handcuffed to Detainee Young until they arrived at 51st and Wentworth. From there Plaintiff had to be transported back to Cook County Jail, where he was rushed to Cermak Health Services for medical treatment. Among the injuries Plaintiff sustained were a painfully sprained wrist and arm, severe swelling of his head, and open lacerations on his wrist and upper arm from the handcuffs digging into his skin as his arm was being violently yanked during the altercation. Had Plaintiff been removed from what was clearly a situation of impending violence, as he so pleaded with both Defendant Officers, his substantial injuries could have been avoided.

## EXHAUSTION OF LEGAL REMEDIES

22. Plaintiff utilized the inmate grievance procedure at Cook County Jail. On July 1, 2016, Plaintiff presented the facts related to this Complaint. On July 21, 2016, Plaintiff was sent a response saying the grievance had been denied. On July 26, 2016, he appealed the decision of the grievance. Plaintiff has exhausted his administrative remedies.

## COUNT I
### Rodriguez v. Vargas and Velasquez
### 42 U.S.C. §1983
### Failure to Intervene

23. Plaintiff incorporates and realleges by reference the above paragraphs as though fully set forth herein.

24. At all times relevant, Plaintiff was protected under the Fourteenth Amendment to the United States Constitution.

25. Under the Due Process Clause of the Fourteenth Amendment, Defendant Officers had a duty to intervene and protect Plaintiff from the violent assaults at the hands of fellow detainees on the bus.

26. At all times relevant, the Defendant Officers were aware that Detainee Nikita Young and other detainees on the bus presented a substantial risk of harm to Plaintiff's safety.

27. On June 28, 2016, Plaintiff was deprived of his rights under the Fourteenth Amendment in the following ways by Defendants Vargas and Velasquez:

   a. Failed to take the appropriate steps to protect Plaintiff from the foreseeable harm of being handcuffed to a detainee who had voiced his intentions to fight other inmates;
   b. Disregarded the risks posed to Plaintiff's safety;
   c. Were deliberately indifferent to the known risks of being handcuffed to a detainee engaged in fighting with other detainees on the bus;
   d. Failed to intervene after the altercation between Nikita Young and the other detainees began; and
   e. Failed to prevent the violation of Plaintiff's constitution rights as set forth above.

28. As a result of the conduct of Defendants Vargas and Velasquez, Plaintiff suffered injuries, including bodily harm, pain, and suffering.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands judgment against Defendants for any damages available to him under the law, plus the costs on this action and attorney's fees and such other and additional relief as this Court deems equitable and just.

**COUNT II**
**Rodriguez v. Cook County Sheriff's Office**
**42 U.S.C §1983**
**Monell Claim**

5

29. The officer misconduct described above was undertaken due to a widespread policy by the Cook County Sheriff's Office in which officers are not adequately trained in how to respond, intervene, prevent, or breakup inmate attacks during transportation trips, and thereby is deliberately indifferent to the safety of inmates who are the foreseeable victims of such attacks and who are not protected from assault or continued assault.

30. That the Cook County Sheriff's Office has been aware that detainees are assaulted while being transported by bus to and from court appearances.

31. That the Cook County Sheriff's Office was placed on notice of the policy when a detainee was assaulted in a manner similar to Plaintiff in the case of *Howard v. Sheriff of Cook County*, et al., 15-cv-9384.

32. That the Cook County Sheriff's Office has also been aware that officers do not know how to respond when a detainee is being beaten while being transported by bus to and from court appearances and that the officers would watch the assaults and refuse to intervene.

33. That Plaintiff's injuries were caused by the foregoing polices and practices of the Cook County Sheriff's Office.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands judgment against Defendants for any damages available to him under the law, plus the costs on this action and attorney's fees and such other and additional relief as this Court deems equitable and just.

### COUNT III
### Rodriguez v. County of Cook
### Indemnification

34. Plaintiff incorporates and realleges by reference the above paragraphs as though fully set forth herein.

35. Pursuant to 745 ILCS 10/9-102, the County of Cook, is a local public entity in Illinois empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is found liable.

36. The acts and/or omissions of the individual defendants and each of them were committed within the scope of their employment.

37. In the event that a judgment for compensatory damages is entered against the individual defendants and/or any of them, the County of Cook must pay the judgement and may pay any associated attorney's fees and costs.

## JURY DEMANDED

Plaintiff demands a jury to try all issues in this matter.

## CONCLUSION

WHEREFORE, Plaintiff NORBERTO RODRIGUEZ prays for judgment in her favor and against Defendants OFFICER VARGAS #14862, an Individual, OFFICER VELASQUEZ #15025, an Individual, COOK COUNTY SHERIFF'S OFFICE, and COUNTY OF COOK in an amount in excess of the jurisdictional minimum and for such other and further relief as this Court deems fair and just.

Respectfully submitted,

/s/ *Karen Munoz*
One Plaintiff's Attorneys

Karen Munoz, Esq.
Dolan Law Offices, P.C.
10 South LaSalle Street
Suite 3702
Chicago, Illinois 60603
(312) 676-7600
(312) 849-2030 Facsimile
kmunozp@dolanlegal.com

**CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys of record for the Plaintiff Bethanne Thomas hereby certifies that on April 30, 2018, foregoing document (First Amended Complaint at Law) was served on the following attorneys via the District Court's ECF filing system:

Michael Gorman
Anthony E. Zecchin
Cook County State's Attorney's Office
50 W. Washington St.
Suite 500
Chicago, IL 60602
(312) 603-4366
michael.gorman@cookcountyil.gov
anthony.zecchin@cookcountyil.gov

                Signed:
                  *s/ Karen Munoz*
                One of the Attorneys for Plaintiff